IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case Number 1:18-CV-644

| MICHAEL HUNT | ) | |
| :--- | :--- | :--- |
| Plaintiff, | ) | |
| | ) | BRIEF IN SUPPORT OF |
| v. | ) | MOTION TO SET ASIDE |
| | ) | VOLUNTARY DISMISSAL |
| DEBT ASSISTANCE NETWORK, LLC | ) | |
| Defendant. | ) | |

NOW COMES the Plaintiff, Michael Hunt, by and through his undersigned counsel, to hereby file this memorandum in support of his Motion to Set Aside Voluntary Dismissal. For the following reasons, Plaintiff's motion should be allowed.

**I.      SUMMARY OF NATURE OF CASE**

Plaintiff filed this case against Debt Assistance Network, LLC stating claims for Breach of Contract, Fraud, Negligent Misrepresentation and Unfair and Deceptive Trade Practices. (Doc. 4) Defendant is a debt assistance company and as such, purported to help consumers manage and pay off debtor for certain fees. Plaintiff is a consumer who hired Defendant to assist with the management of his debt.

This action was originally filed in State Court but was removed by Defendant to this Court. (Doc. 1) Defendant then moved the Court to stay the proceedings due to an arbitration clause that Defendant claimed governed the facts of this matter. (Doc. 8) The Court agreed with Defendant's position and stayed the matter pending arbitration before the American Arbitration Association. (Doc. 18)

Arbitration of this matter was held in Arizona. While Defendant initially participated in the arbitration, Defendant, through counsel, later ceased participation in the arbitration. Defendant's counsel also withdrew from representation in this case. (Doc. 28)

A final arbitration award was entered on April 12, 2021 in favor of Plaintiff. Plaintiff's counsel in this matter did not participate in the arbitration and Plaintiff was represented by local counsel in Arizona. (Ex. A)

During the time that the arbitration was pending, Plaintiff filed regular status reports of the arbitration proceeding with this Court. (Docs. 20-23, 30) Once the arbitration award was issued, Plaintiff improvidently and without fully consulting Plaintiff's Arizona counsel, filed a Voluntary Dismissal of Plaintiff's claims, without prejudice, pending before this Court on September 8, 2021. (Doc. 32) Plaintiff's counsel mistakenly believed at the time that there was no further action that should be taken in North Carolina. After the filing of the dismissal and upon further conversation and consultation with Plaintiff's Arizona counsel, Plaintiff's counsel in this case attempted to contact the case manager for assistance or direction on setting aside the dismissal. Unfortunately, due to Plaintiff's schedule and the case manager being in a trial, Plaintiff was unable to speak to the case manager. On November 22, 2021, this Court entered an Order and a Judgment affirming the dismissal of the case without prejudice and without further Order of the Court. (Docs. 33 and 34). Contemporaneously with the filing of this Motion, Plaintiff has filed a Motion to Reopen File for Further Proceedings and this Motion is subject to the Court's determination on that Motion.

## II. ARGUMENT

**1. The Court can set aside the Voluntary Dismissal pursuant to Rule 60.**

Plaintiff seeks to set aside the Voluntary Dismissal filed improperly by Plaintiff and for further proceedings to be taken by the Court with respect to the arbitration award only.

Rule 60(b)(6) of the Federal Rules of Civil Procedure allows the Court to set aside or to grant relief to a party from a judgment or order for "any other reason that justifies relief." In this

case, the American Arbitration Association has entered a final arbitration award. That arbitration award took place after Defendant requested this Court to compel the parties to participate in arbitration pursuant to the terms of a written contract. Plaintiff participated in all aspects of the arbitration and presented its case to the arbitrator. Defendant initially participated in the arbitration, through counsel, but later failed to participate and did not present defenses to the arbitrator at the arbitration. During the same time, Defendant's counsel in this matter withdrew from his representation of Defendant. Since that time, Defendant has been pro se, but Defendant has not made any further filings in the case or participated in any way.

Upon the entry of an arbitration award, 9 U.S.C §9, allows a party to "apply to the court so specified for an order confirming the award." Since the entry of the arbitration award, Defendant has not moved to vacate, modify or correct the arbitration award and the time to do so has now passed. Fed. R. Civ. Pro. 9 U.S.C. §11 and 12. The contract upon which the arbitration provision is based states that the arbitration award "shall be final and enforceable by a court of competent jurisdiction." (Ex. B) As this Court ordered the parties to participate in arbitration, the most efficient method to enforce the arbitration award would be to return to this Court for the enforcement of the arbitration award. Certainly, it does not promote judicial economy by opening a new case in another jurisdiction for the enforcement of the arbitration award.

Plaintiff's Notice of Voluntary Dismissal was taken "without prejudice" meaning that it could be refiled in any court which would have jurisdiction of the parties. Doing so would not be as efficient as returning the same Court in which the parties had already submitted to jurisdiction and already maintains all of the filings related to this matter. Rule 60 allows this Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or *other part of the record. [emphasis added]*.

There are no further facts to be tried in this matter and all issues between the parties have been resolved through the arbitration. Plaintiff has no other proceedings that are needed before this Court. Thus, the only purpose for setting aside the dismissal could be for the confirmation of the arbitration award. As stated in *North Carolina Alliance for Transportation Reform, Inc. v United Stated Department of Transportation*, 104 F. Supp. 2d 599 (M.D.N.C. 2000), "the lack of prejudice to the Federal Defendants, the minimal extent of delay and the lack of impact on the court or its resources" when coupled with the mistake on the part of Plaintiff's counsel provide cause for this Court to set aside the voluntary dismissal.

### III. CONCLUSION

Plaintiff respectfully requests that this Court set aside the Voluntary Dismissal without prejudice for the sole purpose of allowing Plaintiff to seek confirmation of the arbitration award entered in Plaintiff's favor against Defendant pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted this the 25th day of January.

/s/Paige C. Kurtz
Paige C. Kurtz, State Bar No. 26549
Kurtz Law, PLLC
Attorneys for Plaintiff
715 Kimbrough St.
Raleigh, NC 27608
Telephone: (919) 336-4240
Facsimile: (919) 336-4153
paige@kurtzlawpllc.com

CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing Memorandum in Support of Plaintiff's Motion to Set Aside Voluntary Dismissal with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Debt Assistance Network, LLC
c/o Nevada Corporation Headquarters, Inc., Registered Agent
4730 S. Fort Apache Rd., Ste. 300
Las Vegas, NV 89147-7947

This the 25th day of January, 2022.

                                                 /s/Paige C. Kurtz
                                                 Paige C. Kurtz, State Bar No. 26549
                                                 Kurtz Law, PLLC
                                                 715 Kimbrough St.
                                                 Raleigh, NC 27608
                                                 Telephone: (919) 336-4240
                                                 Facsimile: (919) 336-4153
                                                 paige@kurtzlawpllc.com

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(d)(1)

This brief complies with the length limitations on briefs contained in Local Rule 7.3(d)(1) because:

This brief contains 1040 words, excluding the parts of the brief exempted by Local Rule 7.3(d)(1).

This the 25th day of January, 2022.

                                               s/Paige C. Kurtz
                                              Paige C. Kurtz, State Bar No. 26549
                                              Kurtz Law, PLLC
                                              Attorneys for Plaintiff
                                              715 Kimbrough St.
                                              Raleigh, NC 27608
                                              Telephone: (919) 336-4240
                                              Facsimile: (919) 336-4153
                                              paige@kurtzlawpllc.com