IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL HUNT,                        )
                                     )
                                     )
            Plaintiff,               )
                                     )
    v.                               )    1:18CV644
                                     )
DEBT ASSISTANCE NETWORK, LLC,        )
                                     )
                                     )
            Defendant.               )

## ORDER

This matter comes before the court on two motions filed by Plaintiff Michael Hunt ("Plaintiff"). (Docs. 35, 37.) Before addressing those motions, this court will briefly summarize the case's procedural posture. In September 2019, this court entered a Memorandum Opinion and Order denying Defendant Debt Assistance Network, LLC's ("Defendant") motion to dismiss and staying this matter until arbitration occurred in accordance with the arbitration agreement between the parties. (Doc. 17 at 17–18.) Just under two years later, in June 2021, Plaintiff filed a Status Report indicating that arbitration was held and that a final award had been entered against Defendant. (Doc. 31.) On September 8, 2021, pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff filed a notice of voluntary dismissal of this

action without prejudice. (Doc. 32.) Under the provisions of Rule 41(a), Plaintiff's notice of dismissal was effective without court order. Nevertheless, in November 2021, this court issued an order confirming that the case was dismissed without prejudice, (Doc. 33), along with a contemporaneous judgment to like effect, (Doc. 34). The case was thus formally and officially closed.

But, on January 25, 2022, Plaintiff filed the two instant motions: (1) a Motion to Reopen File for Further Proceedings, (Doc. 35), and (2) a Motion to Set Aside Voluntary Dismissal, (Doc. 37). Both motions are accompanied by briefs. (Docs. 36, 38.) Defendant did not respond to either motion.[1] Plaintiff's motions, and supporting briefs, are extremely similar and will be addressed in tandem.

Plaintiff's motions and briefs explain that Plaintiff's counsel had filed the Rule 41(a) voluntary dismissal notice, (Doc. 32), "improvidently and without fully consulting Plaintiff's Arizona counsel" who had represented him in the arbitral proceedings. (E.g., Doc. 38 at 2.) Plaintiff's counsel

---

[1] That is unsurprising given that prior to this case's termination Defendant was proceeding pro se. (See Doc. 28.) Defendant's pro se status was problematic given that Defendant is a corporation and pursuant to the Local Rules for the Middle District of North Carolina, "[a] corporation or other entity may appear only through an attorney." LR 11.1(a).

-2-

explains that she "mistakenly believed at the time that there was no further action that should be taken in North Carolina." (Id.) However, "upon further conversation and consultation with Plaintiff's Arizona counsel, Plaintiff's counsel . . . attempted to contact the case manager for assistance or direction on setting aside the dismissal." (Id.) Plaintiff's counsel claims she was unable to speak to the case manager due to scheduling issues. (Id.)

Plaintiff's briefs analyze her motions under Federal Rule of Civil Procedure 60(b). (See Doc. 36 at 2; Doc. 38 at 2.) That is indeed the applicable rule. See, e.g., Robertson v. Deco Sec., Inc., Civil No. WDQ-09-3093, 2011 WL 1322391 (D. Md. Apr. 1, 2011) (analyzing a "motion to re-open case" under Rule 60(b)); Thomas v. Cumberland Cnty. Schs., No. 5:09-CV-359-FL, 2011 WL 10045248 (E.D.N.C. Mar. 18, 2011) (same in the context of a Rule 41(a) voluntary dismissal), aff'd, 435 F. App'x 231 (4th Cir. 2011). Rule 60(b) permits courts to amend orders or final judgments for six reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, or discharge of a judgment; or (6) any other reason justifying relief." Robertson, 2011 WL 1322391, at *2 (citing Fed. R. Civ.

P. 60(b)). Plaintiff urges that her Rule 60 motions be granted under the sixth reason, the catch-all provision. (Doc. 36 at 4; Doc. 38 at 4.)

Contrary to Plaintiff's contentions, that is not the appropriate Rule 60 provision under which her motions should be analyzed. The Fourth Circuit has instructed that Rule 60's catch-all provision may only be invoked "when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)–(5)." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011). Here, Plaintiff's reason for seeking relief is that she made a "mistake" in filing the voluntary dismissal. (Doc. 36 at 4; Doc. 38 at 4.) That falls squarely within the reason enumerated in Rule 60(b)(1) and is best analyzed accordingly.

The Fourth Circuit "has held that 'a lawyer's ignorance or carelessness do not present cognizable grounds for relief under [Rule] 60(b)[1].'" Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 413 (4th Cir. 2010) (quoting Evans v. United Life & Accident Ins. Co., 871 F.2d 466, 472 (4th Cir. 1989)). In Thomas, the plaintiff filed a Rule 41(a) voluntary dismissal. 2011 WL 10045248, at *1. The plaintiff later filed a motion to reopen the case. Id. at *2. The motion was denied under Rule 60(b)(1) because even "assuming that a mistake was made, [the]

-4-

plaintiff's evidence at best demonstrate[d] that her counsel may have been negligent in" filing the voluntary dismissal. Id. at *3.

Here, as in Thomas, even if Plaintiff's filings are taken at face value and it is assumed that a mistake was made, that at best establishes that Plaintiff's counsel may have been negligent in filing the voluntary dismissal. Plaintiff's filings explain that Plaintiff's counsel filed the voluntary dismissal "improvidently and without fully consulting Plaintiff's Arizona counsel" because Plaintiff's counsel "mistakenly believed . . . that there was no further action that should be taken in North Carolina." (Doc. 36 at 2; Doc. 38 at 2.) This is a clear instance of "a lawyer's ignorance or carelessness," which the Fourth Circuit has instructed "do not present cognizable grounds for relief under [Rule] 60(b)[1]." Robinson, 599 F.3d at 413 (internal quotation marks omitted) (quoting Evans, 871 F.2d at 472). Therefore, Plaintiff's motions will be denied.[2] Of course,

---

[2] In addition to demonstrating at least one of the six grounds for relief listed in Rule 60(b), the party making a Rule 60(b) motion must also "make a threshold showing that (1) its motion was timely made; (2) it had a meritorious defense; (3) no unfair prejudice to the opposing party would result; and (4) exceptional circumstances warranted relief from the judgment." Robinson, 599 F.3d at 412 n.12. However, courts "need not address whether the movant satisfied the[se] four threshold requirements, . . . if [the court] find[s] that the movant has not sufficiently satisfied one of the Rule 60(b) grounds for relief." Id. That is the case here.

-5-

this ruling does not foreclose Plaintiff from pursing other avenues of relief. Plaintiff's voluntary dismissal was without prejudice, (Doc. 32), and, as Plaintiff recognizes, he remains free to "initiat[e] a new action to enforce the arbitration award," (Doc. 35 at 2; Doc 37 at 2).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reopen File for Further Proceedings, (Doc. 35), and Motion to Set Aside Voluntary Dismissal, (Doc. 37), are **DENIED**.

This the 3rd day of March, 2022.

                                      /s/ William L. Osteen, Jr.
                                      United States District Judge